# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MICHAEL THOMAS DAVITT,         )
      Plaintiff,                           )  Case No. 2:14-cv-01504-GMN-CWH
                                               )  **ORDER**
vs.                                                )
                                               )
DR. MITZER,                                )
      Defendant.                         )

      This matter is before the court on Plaintiff Michael Thomas Davitt's Motion for Extension of Time (#14), filed June 8, 2015. Plaintiff is proceeding *in forma pauperis*. To date, the United States Marshal has been unable to effectuate service of process based on the information provided in Plaintiff's USM-285 forms. The Court has previously denied Plaintiff's request to have the U.S. Marshal make additional service attempts at an incorrect address. Instead, Plaintiff was ordered to provide new USM-285 forms to the U.S. Marshal with additional information so that the U.S. Marshal could serve the summons and complaint on Defendant Dr. Mitzer. (Dkt. #10). It does not appear that Plaintiff has provided new USM-285 forms to the U.S. Marshal. Plaintiff alleges the failure is due to the fact that he has not received blank USM-285 forms to submit to the U.S. Marshal, and because his incarcerating facility has actively sought to limit his ability to prosecute this case. Thus, he requests additional time to complete service.

      Federal Rule of Procedure 4(m) requires a defendant to be served within 120 days after the complaint is filed. Failure to do so may result in the action being dismissed without prejudice. However, courts routinely extend the time for service under Rule 4(m) upon a showing of good cause. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2003) (courts have broad discretion to extend time for service under Rule 4(m)); *see also Henderson v. United States*, 517 U.S. 654, 661 (1996) (the 120-day time period for service contained in Rule 4(m) "operates not as an outer limit subject to reduction, but as an irreducible allowance."). "On its face, Rule 4(m) does not tie the hands of the district court after the 120-day period has expired. Rather, Rule 4(m) explicitly permits a district court to grant an

extension of time to serve the complaint *after* that 120-day period." *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Moreover, the Advisory Committee Notes to Rule 4(m) state that the rule "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of [Rule 4(m)] even if there is no good cause shown." See Fed. R. Civ. P. 4(m), Advisory Committee Notes, 1993 Amendments. Generally, "good cause" is equated with diligence. *See* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1337.

Based on the record, the undersigned finds good cause to extend the time to effectuate service. Plaintiff will be afforded an additional ninety (90) days to complete service. As before, the Plaintiff is instructed to submit new USM-285 forms to the U.S. Marshal so that service may be accomplished. Accordingly

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Extension of Time (#14) is **granted**. Plaintiff shall have until **Thursday, August 13, 2015** to complete service.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send Plaintiff two new, blank USM-285 forms. Plaintiff shall have **thirty (30) days** within which to furnish to the U.S. Marshal the required USM-285 form with relevant information as to each Defendant on each form. Within **twenty (20) days** after receiving from the U.S. Marshal a copy of the USM-285 form showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendants were served and were not served, if any. If Plaintiff wishes to have service again attempted on any unserved Defendants, then a motion must be filed with the Court specifying a more detailed name and/or address for said Defendants, or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that the Court, in its discretion, may order a *subpoena duces tecum* to an appropriate entity in order to facilitate service if necessary.

Dated: June 11, 2015.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge